**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SIMON BANKS,<br><br>Plaintiff *pro se*,<br><br>v.<br><br>MATTHEW J. FADER, *et al*.,<br><br>Defendants. | ) | Civil Action No. 1:25-cv-01865-LKG<br>Civil Action No. 1:25-cv-01883-LKG<br><br>Dated: August 25, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In these related civil actions, the Plaintiffs *pro se*, Simon Banks and Sandra Banks, bring claims against the Defendants, Diana Theologou, Gregory Thorne, Adrian Jacobs, Brian Campbell and Christine Cotton (the "Substitute Trustees Defendants"); Wilmington Savings Fund Society, FSB (the "Secured Lender Defendant"); the Honorable Matthew J. Fader, the Honorable Peter Killough, the Honorable Gladys M. Weatherspoon, the Honorable Maria Elena Chevez-Ruark and the Honorable P. Fletcher (the "Judicial Defendants"); Steven Greenfeld; Steven Greenfeld LLC; and Federick J. Fair, arising from, among other things, the foreclosure on certain real property located at 2404 Friendship Heights Drive, Fort Washington, Maryland 20744. *See generally* ECF No. 1 (No. 25-cv-1865); ECF No. 1 (No. 25-cv-1883). The Substitute Trustees Defendants and the Secured Lender Defendant have moved to dismiss the claims brought against them in these two matters, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6). ECF No. 15 (No. 25-cv-1865); ECF No. 9 (No. 25-cv-1883). These motions are fully briefed. ECF Nos. 15, 15-1 and 19 (No. 25-cv-1865); ECF Nos. 9, 9-1 and 12 (No. 25-cv-1883). The Plaintiffs have also filed several other motions in these cases. ECF Nos. 2, 6, 7, 10, 11, 12, 14, 21, 23, 28, 33 and 34 (No. 25-cv-1865) and ECF Nos. 3, 7, 13, 15, 20 and 22 (No. 25-cv-1883). No hearing is necessary to resolve the motions. L.R. 105.6 (D. Md. 2025).

For the reasons that follow, the Court: (1) **GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 15) (25-cv-1865); (2)

**GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 9) (25-cv-1883); (3) **DENIES-as-MOOT** the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) (25-cv-1865); (4) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF No. 6) (25-cv-1865); (5) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the Plaintiff's case filing status (ECF No. 7) (25-cv-1865); (6) **DENIES-as-MOOT** the Plaintiff's emergency motion for leave of court to file emergency motion for extension of time (ECF No. 10) (25-cv-1865); (7) **DENIES-as-MOOT** the Plaintiff's supplemental motion for leave to proceed *in forma pauperis*; (ECF No. 11) (25-cv-1865); (8) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 12) (25-cv-1865); (9) **DENIES-as-MOOT** the Plaintiff's motion to clarify (ECF No. 14) (25-cv-1865); (10) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 21) (25-cv-1865); (11) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment (ECF No. 23) (25-cv-1865); (12) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 28) (25-cv-1865); (13) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 33) (25-cv-1865); (14) **DENIES-as-MOOT** the Plaintiff's motion to recuse (ECF No. 34) (25-cv-1865); (15) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF No. 3) (25-cv-1883); (16) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 7) (25-cv-1883); (17) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 13) (25-cv-1883); (18) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment and for preliminary and permanent injunctive relief (ECF No. 15) (25-cv-1883); (19) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 20) (25-cv-1883); (20) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 22) (25-cv-1883); and (21) **DISMISSES** the complaints in these matters as to the Substitute Trustees Defendants and the Secured Lender Defendant.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In these related civil actions, the Plaintiffs bring various claims against the Defendants, arising from, among other things, the foreclosure of certain real property located at 2404 Friendship Heights Drive, Fort Washington, Maryland 20744 (the "Property"). ECF No. 1 at 3 (No. 25-cv-1865); ECF No. 1 at 3 (No. 25-cv-1883). Because the complaints appear to be substantially identical, the Court jointly addresses the allegations in the two cases.

The Parties

Plaintiff Dr. Simon Banks is a resident of Maryland. ECF No. 1 at 1 (No. 25-cv-1865); ECF No. 1 at 1 (No. 25-cv-1883).

Plaintiff Sandra Banks is a resident of Maryland. ECF No. 1 at 1 (No. 25-cv-1865); ECF No. 1 at 1 (No. 25-cv-1883).

Defendant Diana Theologou is a substitute trustee of the Property and resident of Maryland. ECF No. 15-1 at 2 and 8 (No. 25-cv-1865); ECF No. 9-1 at 2 and 8 (No. 25-cv-1883).[2]

Defendant Wilmington Savings Fund Society, FSB is a bank located in Wilmington, Delaware. *See* WSFSbank, About Us, https://www.wsfsbank.com/about/ (last visited July 22, 2026).

Defendant the Honorable Matthew J. Fader is the Chief Justice of the Supreme Court of Maryland and a resident of Maryland. ECF No. 1 at 1 and 5 (No. 25-cv-1865); ECF No. 1 at 1 and 5 (No. 25-cv-1883).

Defendant the Honorable Peter Killough is a Justice of the Supreme Court of Maryland and a resident of Maryland. ECF No. 1 at 1 and 5-6 (No. 25-cv-1865); ECF No. 1 at 1 and 5-6 (No. 25-cv-1883).

[1] The facts recited in this memorandum opinion are taken from the complaints, the Defendants' motions to dismiss and the memoranda in support thereof, and the Plaintiffs' responses in opposition thereto. ECF Nos. 1, 15, 15-1 and 19 (No. 25-cv-1865); ECF Nos. 1, 9, 9-1 and 12 (No. 25-cv-1883).

[2] The pending motions to dismiss are also brought on behalf of substitute trustees Gregory Thorne, Adrian Jacobs, Brian Campbell and Christine Cotton. *See* ECF Nos. 1 and 15 (No. 25-cv-1865); ECF Nos. 1 and 9 (No. 5-cv-1883).

Defendant the Honorable Gladys M. Weatherspoon is an Associate Judge of the Circuit Court for Prince George's County, Maryland and a resident of Maryland. ECF No. 1 at 1 (No. 25-cv-1865); ECF No. 1 at 1 (No. 25-cv-1883).

Defendant the Honorable Maria Elena Chevez-Ruark is a Judge of the United States Bankruptcy Court for the District of Maryland and a resident of Maryland. ECF No. 1 at 1 and 4 (No. 25-cv-1865); ECF No. 1 at 1 and 4 (No. 25-cv-1883).

Defendant the Honorable Lawrence P. Fletcher-Hill is an Associate Judge of the Circuit Court for Baltimore City. ECF No. 1 at 1 and 6 (No. 25-cv-1865); ECF No. 1 at 1 and 6 (No. 25-cv-1883).

Defendant Steven Greenfeld is a bankruptcy trustee and a resident of Maryland. ECF No. 1 at 1 and 3 (No. 25-cv-1865); ECF No. 1 at 1 and 3 (No. 25-cv-1883).

Defendant Federick J. Fair is a co-borrower of funds that were secured by the Property and a resident of Virginia. ECF No. 1 at 2 and 4 (No. 25-cv-1865); ECF No. 15-1 at 1 (No. 25-cv-1865); ECF No. 1 at 2 and 4 (No. 25-cv-1883); ECF No. 9-1 at 1 (No. 25-cv-1883).

<u>The Plaintiffs' Allegations</u>

The Plaintiffs are proceeding in this litigation without the assistance of counsel and their complaints are somewhat difficult to discern. But, it appears that the Plaintiffs assert the following claims against the Defendants in the complaints: (1) 42 U.S.C. § 1983; (2) violations of the United States Constitution, including the Fourth Amendment; and (3) common law tort claims under Maryland law, including intentional infliction of emotional distress and defamation. *See* ECF No. 1 at 5-7 (No. 25-cv-1865); ECF No. 1 at 5-7 (No. 25-cv-1883). As relief, the Plaintiffs seek, among other things, to recover monetary damages from the Defendants. ECF No. 1 at 7 (No. 25-cv-1865); ECF No. 1 at 7 (No. 25-cv-1883).

As background, Plaintiff Sandra Banks is the owner of certain real property located at 2404 Friendship Heights Drive, Fort Washington, Maryland 20744. ECF No. 1 at 3 (No. 25-cv-1865); ECF No. 1 at 3 (No. 25-cv-1883). Plaintiff Dr. Simon Banks is the father of Plaintiff Sandra Banks. ECF No. 1 at 4 (No. 25-cv-1865); ECF No. 1 at 4 (No. 25-cv-1883).

Ms. Banks was a debtor in certain Chapter 7 bankruptcy proceedings pending before the United States Bankruptcy Court for the District of Maryland. ECF No. 1 at 3-4 (No. 25-cv-1865); ECF No. 1 at 3-4 (No. 25-cv-1883). On November 14, 2022, the Bankruptcy Court issued orders granting relief from the automatic bankruptcy stay with regards to the Property,

which allowed the Secured Lender Defendant to foreclose on the Property. *See* ECF No. 1-4 at 6-7 and 18-20 (No. 25-cv-1883). And so, the Property has been subject of foreclosure proceedings in Maryland state court. ECF No. 1 at 4-5 (No. 25-cv-1865); ECF No. 1 at 4-5 (No. 25-cv-1883).

In the complaints, the Plaintiffs generally challenge the aforementioned legal proceedings and the Plaintiffs allege that the Defendants violated their constitutional rights, and committed certain torts, in connection with these cases. *See generally* ECF No. 1 (No. 25-cv-1865); ECF No. 15-1 at 2 (No. 25-cv-1865); ECF No. 1 (No. 25-cv-1883); ECF No. 9-1 at 2 (No. 25-cv-1183). Specifically, with regards to the state court foreclosure proceedings, the Plaintiffs allege that the Substitute Trustees Defendants violated the United States Constitution and Maryland tort law, by threatening to sell the Property *via* a foreclosure sale, because the Circuit Court for Prince George's County did not have jurisdiction over the matter. ECF No. 1 at 3 (No. 25-cv-1865); ECF No. 1 at 3 (No. 25-cv-1883).

The Plaintiffs also allege that Defendants the Honorable Matthew Fader and the Honorable Peter Killough deprived them of their constitutional rights by making certain rulings in the foreclosure proceedings related to the Property. ECF No. 1 at 5 (No. 25-cv-1865); ECF No. 1 at 5 (No. 25-cv-1883). The Plaintiffs similarly allege that the Supreme Court of Maryland violated their constitutional rights, because the Honorable Matthew Fader and the Honorable Peter Killough tampered with the foreclosure case. ECF No. 1 at 6 (No. 25-cv-1865); ECF No. 1 at 6 (No. 25-cv-1883).

With regards to the bankruptcy proceedings, the Plaintiffs allege that Clerk of the Bankruptcy Court improperly attempted to retake the Property by "unethically and improperly utiliz[ing] the Baltimore City 7 Anticipatory-Predisposition Court Judges." ECF No. 1 at 4 (No. 25-cv-1865); ECF No. 1 at 4 (No. 25-cv-1883). The Plaintiffs also allege that the Bankruptcy Court "falsely and [f]raudulently issued a [c]ontempt order threat, against Sandra Banks," that directed Ms. Banks to attend a creditor meeting and, among other things, provide Defendant Steven Greenfeld with access to the Property. ECF No. 1 at 4 (No. 25-cv-1865); ECF No. 1 at 4 (No. 25-cv-1883).

Lastly, the Plaintiffs allege that their pleadings in these cases have been continuously hacked in violation of the Fourth Amendment. ECF No. 1 at 6 (No. 25-cv-1865); ECF No. 1 at 6 (No. 25-cv-1883).

The Plaintiffs contend that, "as a direct consequence of the Tort act and actions of the defendants[, they] suffered injuries," including intentional infliction of emotional distress and defamation. ECF No. 1 at 7 (No. 25-cv-1865); ECF No. 1 at 7 (No. 25-cv-1883). And so, the Plaintiffs seek, among other things, to recover monetary damages from the Defendants. ECF No. 1 at 7 (No. 25-cv-1865); ECF No. 1 at 7 (No. 25-cv-1883).

**B. Relevant Procedural Background**

Dr. Banks filed the complaint in civil action No. 25-cv-1865 on June 10, 2025. ECF No. 1 (No. 25-cv-1865).

On December 15, 2025, the Substitute Trustees Defendants and the Secured Lender Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6), and a memorandum in support thereof. ECF Nos. 15 and 15-1 (No. 25-cv-1865). On May 27, 2026, Dr. Banks filed a response in opposition to the motion to dismiss. ECF No. 19 (No. 25-cv-1865).

Sandra Banks filed the complaint in civil action No. 25-cv-1883 on June 11, 2025. ECF No. 1 (No. 25-cv-1883).

On December 15, 2025, the Substitute Trustees Defendants and the Secured Lender Defendant filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6), and a memorandum in support thereof. ECF Nos. 9 and 9-1 (No. 25-cv-1883). On May 27, 2026, Sandra Banks filed a response in opposition to the motion to dismiss. ECF No. 12 (No. 25-cv-1883).

The Substitute Trustees Defendants and the Secured Lender Defendant's motions to dismiss having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without

exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

**B. Fed. R. Civ. P. 12(b)(2)**

A motion to dismiss for lack of personal jurisdiction, brought pursuant to Fed. R. Civ. P. 12(b)(2), "raises an issue for the [C]ourt to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). To do so, a plaintiff need only make "a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson*, 816 F.3d at 268 (citation omitted). When deciding a motion, brought pursuant to Fed. R. Civ. P. 12(b)(2), the Court may "rule solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *State v. Exxon Mobil Corp*., 406 F. Supp. 3d 420, 437 (D. Md. 2019) (citations omitted). And so, the Court must consider all disputed facts and make reasonable inferences in favor of the plaintiff in determining whether the plaintiff has made the requisite showing that the Court possesses personal jurisdiction over a defendant. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 396 (4th Cir. 2003).

**C. Fed. R. Civ. P. 12(b)(4) And (b)(5)**

Fed. R. Civ. P. 12(b)(4) governs motions to dismiss based upon insufficient process. A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(4) objects to a defect in the

content of the documents served. *See, e.g.*, *Allen v. Cort Trade Show Furnishings*, No. 19-2859, 2021 WL 1312898, at *2 (D. Md. Apr. 8, 2021) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004)).

Fed. R. Civ. P. 12(b)(5) governs motions to dismiss for insufficient service of process. *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Epps v. Dorsey*, 25-01609, 2025 WL 2930784, at *2 (D. Md. Oct. 15, 2025) (quoting *id.*). This Court has held that, "[g]enerally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (quoting *O'Meara*, 464 F. Supp. 2d at 476).

**D. Fed. R. Civ. P. 8(a) And 12(b)(6)**

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

**E. *Pro Se* Litigants**

Lastly, the Plaintiffs are proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaints liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted)). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

## IV. ANALYSIS

The Substitute Trustees Defendants and the Secured Lender Defendant have moved to dismiss the claims brought against them in these related cases, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5) and (b)(6), upon the grounds that: (1) the Court lacks subject-matter jurisdiction to consider the Plaintiffs' claims, because there is not a well-pled federal question in the complaints; (2) the Court lacks subject-matter jurisdiction over the Plaintiffs' claims, because there is not complete diversity among the parties; (3) the Plaintiffs have not established personal jurisdiction over the Substitute Trustees Defendants and the Secured Lender Defendant; (4) the factual allegations in the complaints fail to meet the pleading standards under Fed. R. Civ. P. 8(a) or 12(b)(6); (5) the complaints should be dismissed under the "first-to-file rule;" and (6) the Plaintiffs have not adequately pled facts to show they are entitled to punitive damages. ECF No. 15-1 at 8-10 (No. 25-cv-1865); ECF No. 9-1 at 8-10 (No. 25-cv-1883). And so, the Substitute Trustees Defendants and the Secured Lender Defendant request that the Court dismiss the complaints in these two cases. ECF No. 15-1 at 11 (No. 25-cv-1865); ECF No. 9-1 at 11 (No. 25-cv-1883).

The Plaintiffs do not directly respond to most of the arguments set forth in the Defendants' motions to dismiss. But, the Plaintiffs generally counter that the Court should not dismiss these matters, because: (1) the complaints substantially address the witness

tampering acts of Defendant Theologou and the co-conspirators against Ms. Banks; (2) the Plaintiffs are crime victims as a result of the actions taken by the collaborating Defendants; (3) the Defendants had a "meeting of the minds" to help Defendant Theologou and the Substitute Trustees Defendants to take and sell the Property; (4) such actions are obstruction of justice; and (5) such actions are violations of procedural due process. ECF No. 19 at 1-7 (No. 25-cv-1865); ECF No. 12 at 1-7 (No. 25-cv-1883). And so, the Plaintiffs request that the Court deny the Defendants' motions to dismiss. ECF No. 19 at 7 (No. 25-cv-1865); ECF No. 12 at 7 (No. 25-cv-1883).

For the reasons that follow, a careful reading of the complaints makes clear that the claims against the Substitute Trustees Defendants and the Secured Lender Defendant must be dismissed, because the Plaintiff does not adequately plead claims under Section 1983, constitutional claims, or Maryland tort law. And so, the Court: (1) **GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 15) (25-cv-1865); (2) **GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 9) (25-cv-1883); (3) **DENIES-as-MOOT** the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) (25-cv-1865); (4) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF No. 6) (25-cv-1865); (5) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the Plaintiff's case filing status (ECF No. 7) (25-cv-1865); (6) **DENIES-as-MOOT** the Plaintiff's emergency motion for leave of court to file emergency motion for extension of time (ECF No. 10) (25-cv-1865); (7) **DENIES-as-MOOT** the Plaintiff's supplemental motion for leave to proceed *in forma pauperis*; (ECF No. 11) (25-cv-1865); (8) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 12) (25-cv-1865); (9) **DENIES-as-MOOT** the Plaintiff's motion to clarify (ECF No. 14) (25-cv-1865); (10) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 21) (25-cv-1865); (11) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment (ECF No. 23) (25-cv-1865); (12) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 28) (25-cv-1865); (13) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 33) (25-cv-1865); (14) **DENIES-as-MOOT** the Plaintiff's motion to recuse (ECF No. 34) (25-cv-1865); (15) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF

No. 3) (25-cv-1883); (16) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 7) (25-cv-1883); (17) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 13) (25-cv-1883); (18) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment and for preliminary and permanent injunctive relief (ECF No. 15) (25-cv-1883); (19) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 20) (25-cv-1883); (20) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 22) (25-cv-1883); and (21) **DISMISSES** the complaints in these matters as to the Substitute Trustees Defendants and the Secured Lender Defendant.

### A. The Plaintiffs Fail To State Plausible Claims Under Rule 8(a) or 12(b)(6)

As an initial matter, the Court is satisfied that it possesses subject-matter jurisdiction over these matters. Because the Plaintiffs are proceeding without the assistance of counsel, the Court construes the complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). The Court reads the complaints to assert claims against the Defendants under 42 U.S.C. § 1983 and the United States Constitution. *See generally* ECF No. 1 (No. 25-cv-1865); ECF No. 1 (No. 25-cv-1883). Given this, the complaints raise a federal question that would confer subject-matter jurisdiction on this Court.[3] *See Capitol Broad. Co., Inc. v. City of Raleigh, N. Carolina*, 104 F.4th 536, 539 (4th Cir. 2024); 28 U.S.C. § 1331.

The Court is also satisfied that it may exercise personal jurisdiction over the Substitute Trustees Defendants and the Secured Lender Defendant, because they appear to have actual notice of the claims brought against them in the complaints. The Substitute Trustees Defendants and the Secured Lender Defendant argue in their motions that they have not been properly served with the complaint and summons, pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), and, as a result, the Plaintiffs have not established personal jurisdiction over them, pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 15-1 at 8 (No. 25-cv-1865); ECF No. 9-1 at 8 (No. 25-cv-1883). But the Substitute Trustees Defendants and the Secured Lender Defendant have nonetheless entered appearances in these matters and have defended the cases. And so, for the limited purposes of the Defendants' motions to dismiss, the Court declines to dismiss these cases for lack of personal jurisdiction, because the Substitute

[3] Because the Court is satisfied that the complaints raise a federal question, the Court does not address the Defendants' argument that diversity jurisdiction has not been established.

Trustees Defendants and the Secured Lender Defendant appear to have adequate notice of the Plaintiffs' claims.

A careful reading of the complaints makes clear, however, that the Plaintiffs do not state plausible Section 1983 or constitutional law claims for several reasons. First, the complaints fail to state a plausible claim against the Substitute Trustees Defendants and Secured Lender Defendant under 42 U.S.C. § 1983, because these Defendants are private entities. To bring a clam under 42 U.S.C. § 1983, the Plaintiffs must allege facts to show a violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Plaintiffs acknowledge in the complaints that the Substitute Trustees Defendants and the Secured Lender Defendant are private individuals and a bank, respectively, and thus they are private actors. *See generally* ECF No. 1 (No. 25-cv-1865); ECF No. 1 (No. 25-cv-1883). The complaints also lack factual allegations to show that the Substitute Trustees Defendants and/or the Secured Lender Defendant undertook any actions on behalf of the State of Maryland related to these cases. *See Moore v. Williamsburg Reg'l Hosp.*, 560 F.3d 166, 179 (4th Cir. 2009) ("The state is deemed responsible for the private entity's action 'if the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest.'" (citation omitted)).

Given this, the Plaintiffs do not state plausible Section 1983 claims against the Substitute Trustees Defendants and Secured Lender Defendant. Fed. R. Civ. P. 8(a) and 12(b)(6).[4] And so, the Court DISMISSES these claims. Fed. R. Civ. P. 8(a) and 12(b)(6).

[4] The Plaintiffs do not appear to have served the Judicial Defendants with the complaints and summonses in these civil actions. *See* Dkt. (No. 25-cv-1865); Dkt. (25-cv-1883). To the extent that the Plaintiffs bring claims under 42 U.S.C. § 1983 against the Judicial Defendants for their official actions, it is well-established that such claims are barred under the Eleventh Amendment. *See generally* ECF No. 1 (No. 25-cv-1865); ECF No. 1 (No. 25-cv-1883) (asserting claims against the Judicial Defendants related to the bankruptcy and foreclosure proceedings). This Court has held that the State of Maryland has not waived its immunity under the Eleventh Amendment for suits in federal court. *See, e.g.*, *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003); *see also Weigel v. Maryland*, 950 F. Supp. 2d 811, 831 (D. Md. 2013) (holding that claims against Maryland judges sued in their official capacities are barred by the Eleventh Amendment).

The Plaintiffs' constitutional law claims against the Substitute Trustees Defendants and Secured Lender Defendant are also not plausible. Even when construing the complaints liberally, it is difficult for the Court to discern the specific constitutional claims alleged in these pleadings. The Plaintiffs generally allege that their constitutional rights were violated by the Defendants, because Dr. Banks had a right to intervene in the state foreclosure proceeding related to the Property and certain Judicial Defendants allegedly tampered with that case. *See* ECF No. 1 at 5-6 (No. 25-cv-1865); ECF No. 1 at 5-6 (No. 25-cv-1883). But, the Plaintiffs do not identify a specific provision of the Constitution that was violated by these alleged actions, nor do they explain how the Defendants' conduct resulted in a constitutional violation. *See* ECF No. 1 at 5-6 (No. 25-cv-1865); ECF No. 1 at 5-6 (No. 25-cv-1883).

While the Plaintiffs do allege that their Fourth Amendment rights have been violated, because their pleadings in this litigation have been continuously "hacked," (ECF No. 1 at 6 (No. 25-cv-1865); ECF No. 1 at 6 (No. 25-cv-1883)), they fail to allege any facts to show which of the Defendants, if any, engaged in this conduct. ECF No. 1 at 5-6 (No. 25-cv-1865); ECF No. 1 at 5-6 (No. 25-cv-1883). Nor do the Plaintiffs explain how their Fourth Amendment rights have been violated by the alleged hacking. ECF No. 1 at 5-6 (No. 25-cv-1865); ECF No. 1 at 5-6 (No. 25-cv-1883).

In sum, the complaints simply lack sufficient factual allegations to discern the nature of the Plaintiffs' constitutional law claims against the Defendants and the pleadings do not put the Defendants on notice of the nature of the claims alleged in these cases. Given this, the Plaintiffs do not state plausible constitutional law claims against the Substitute Trustees Defendants and Secured Lender Defendant. And so, the Court also DISMISSES these claims. Fed. R. Civ. P. 8(a) and 12(b)(6).

The Plaintiffs' tort claims are also problematic. While the Court liberally construes the complaints to allege common law tort claims for intentional infliction of emotional distress and defamation, the complaints lack sufficient factual allegations to state such claims. To state a claim of intentional infliction of emotional distress, the Plaintiffs must allege facts to show: (1) conduct that is "intentional or reckless;" (2) conduct that is "extreme and outrageous;" (3) "a causal connection between the wrongful conduct and the emotional distress;" and (4) emotional distress that is "severe." *Lilly v. Baltimore Police*

*Dep't*, 694 F. Supp. 3d 569, 596 (D. Md. 2023) (quoting *Takacs v. Fiore*, 473 F. Supp. 2d 647, 651-52 (D. Md. 2007)). But the complaints here lack factual allegations to show what conduct caused the Plaintiffs' alleged emotional distress, that such conduct was intentional or reckless, a causal connection between the wrongful conduct and the emotional distress, and that the emotional distress allegedly suffered was severe in nature. *See* ECF No. 1 at 7 (No. 25-cv-1865); ECF No. 1 at 7 (No. 25-cv-1883) (alleging in a conclusory manner that the Defendants have caused them injuries, including "[i]ntentional infliction of [m]ental and [e]motional [d]istress"); *see also Vance v. CHF Int'l*, 914 F. Supp. 2d 669, 683 (D. Md. 2012) (finding that reciting "in conclusory form the bare elements of an intentional infliction of emotional distress claim" will not do).

The Plaintiffs' defamation claim is equally problematic. To state a claim for defamation, the Plaintiffs must allege facts to show: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Finley Alexander Wealth Mgmt., LLC v. M&O Mktg., Inc.*, No. 19-1312, 2021 WL 1215769, at *10 (D. Md. Mar. 31, 2021) (quoting *Piscatelli v. Van Smith*, 35 A.3d 1140, 1147 (Md. 2012)). But here, the Plaintiffs generally alleged in the complaints that the Defendants conspired to impact the foreclosure proceedings before the Circuit Court for Prince George's County, Maryland, without identifying any statements that were false, or which Defendants made such statements. *See* ECF No. 1 at 5-6 (No. 25-cv-1865); ECF No. 1 at 5-6 (No. 25-cv-1883).

Given this, the Plaintiffs also fail to state a plausible claim for defamation. And so, the Court must also DISMISS the Plaintiffs' tort claims against the Substitute Trustees Defendants and Secured Lender Defendant. Fed. R. Civ. P. 8(a) and 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 15) (25-cv-1865);

(2) **GRANTS** the Substitute Trustees Defendants and the Secured Lender Defendant's motion to dismiss (ECF No. 9) (25-cv-1883);

(3) **DENIES-as-MOOT** the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) (25-cv-1865);

(4) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF No. 6) (25-cv-1865);

(5) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the Plaintiff's case filing status (ECF No. 7) (25-cv-1865);

(6) **DENIES-as-MOOT** the Plaintiff's emergency motion for leave of court to file emergency motion for extension of time (ECF No. 10) (25-cv-1865);

(7) **DENIES-as-MOOT** the Plaintiff's supplemental motion for leave to proceed *in forma pauperis*; (ECF No. 11) (25-cv-1865);

(8) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 12) (25-cv-1865);

(9) **DENIES-as-MOOT** the Plaintiff's motion to clarify (ECF No. 14) (25-cv-1865);

(10) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 21) (25-cv-1865);

(11) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment (ECF No. 23) (25-cv-1865);

(12) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 28) (25-cv-1865);

(13) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 33) (25-cv-1865);

(14) **DENIES-as-MOOT** the Plaintiff's motion to recuse (ECF No. 34) (25-cv-1865);

(15) **DENIES-as-MOOT** the Plaintiff's motion for leave to amend the complaint to change the title of the complaint (ECF No. 3) (25-cv-1883);

(16) **DENIES-as-MOOT** the Plaintiff's motion to clarify the record (ECF No. 7) (25-cv-1883);

(17) **DENIES-as-MOOT** the Plaintiff's motion to declare that the Substitute Trustees have waived formal service of process (ECF No. 13) (25-cv-1883);

(18) **DENIES-as-MOOT** the Plaintiff's motion for summary judgment and for preliminary and permanent injunctive relief (ECF No. 15) (25-cv-1883);

(19) **DENIES-as-MOOT** the Plaintiff's motion to strike and dismiss with prejudice the Defendants' motion to stay (ECF No. 20) (25-cv-1883);

(20) **DENIES-as-MOOT** the Plaintiff's motion to dismiss the Defendants' pleadings (ECF No. 22) (25-cv-1883); and

(21) **DISMISSES** the complaints in these matters as to the Substitute Trustees Defendants and the Secured Lender Defendant.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge